In the Matter of the Application of THE STANDARD GAS LIGHT COMPANY OF THE CITY OF NEW YORK, Petitioner, for a Peremptory Order of Mandamus against FRANK J. TAYLOR, as Comptroller of the City of New York, and WILLIAM REID, as Collector of the City of New York, Defendants.*

Supreme Court, New York County, December 9, 1935.

*Robert E. Coulson* [*Whitman, Ransom, Coulson & Goetz*, attorneys; *Thomas H. Beardsley* and *Henry Jaffe* of counsel], for the petitioner.

*Oscar S. Cox* [*Paul Windels, Corporation Counsel, Sol Charles Levine* and *Meyer Bernstein* of counsel], for the defendants.

CALLAHAN, J.   This is an application for a peremptory mandamus directing the city comptroller and the city collector of the city of New York to credit the applicant with certain sums paid pursuant to Local Law No. 19 of New York Local Laws of 1933, and Local Law No. 10 of New York Local Laws of 1934, against special franchise taxes imposed pursuant to other tax laws.

The contention of the applicant is that section 48 of the Tax Law requires such credit to be made.   The local laws enumerated were passed pursuant to two enabling acts designated chapter 815 of the Laws of 1933 and chapter 302 of the Laws of 1934, respectively. By the enabling statutes the Legislature conferred power on any city of 1,000,000 inhabitants to impose additional taxes during limited

* Affd., 248 App. Div. 583; 272 N. Y. 611.

periods for emergency purposes. The 1933 enabling act was passed to aid the city of New York to secure funds for the payment of contributions to welfare relief. In 1934 the conceded purpose of the legislation was to aid that city to balance its budget. Both enabling acts provided that any tax imposed thereunder should " be in addition to any and all other taxes."

The question is one of statutory construction. It must be remembered that the enabling acts were general in nature, conferring upon cities the broad power to impose any form of taxes which the Legislature had the power to impose. Therefore, a specific exception in the enabling acts with respect to section 48 of the Tax Law would have assumed that the locality would impose an additional tax on corporations already paying taxes on special franchises. No specific provision suspending a statute such as section 48 would be expected to be found in the enabling acts, under the circumstances On the contrary, it would be expected that only general language would be used to denote the legislative intent. It seems to me that the phrase above quoted clearly shows that it was the intention of the Legislature that such credits as those provided under section 48 of the Tax Law were not to be allowed as against the new taxes provided. This is sufficiently revealed by the language used. Though such language is general in nature, it is most comprehensive in its terms. In effect, the Legislature said to the city that it might tax any source it saw fit, including a source already taxed, and that the new taxes would be in addition to the old. There is thus an expressed intention to add to former taxes which necessarily requires that any statute which would prevent such addition would be suspended.

The circumstances under which the acts were adopted support this construction. If a utility company were to be taxed anew, but be permitted to credit the new taxes to be paid by it against previously imposed taxes, the new taxes would be merely a substitution, complete or partial, for the existing taxes and would not provide any additional revenue. Such construction would, at least partially, defeat the purpose of the law.

In light of my conclusion it is unnecessary to refer to the dispute concerning the meaning to be ascribed to section 48 itself, nor to review the other questions discussed by the parties.

The motion is denied.